KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
ggilchrist@kilpatricktownsend.com
GIA L. CINCONE (State Bar No. 141668)
gcincone@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

WILLIAM H. BREWSTER (admitted *pro hac vice*)
bbrewster@kilpatricktownsend.com
R. CHARLES HENN JR. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
NICHOLE DAVIS CHOLLET (admitted *pro hac vice*)
nchollet@kilpatricktownsend.com
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Attorneys for Defendant
FORD MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CRUISE LLC, a Delaware limited liability company, GM CRUISE HOLDINGS LLC, a Delaware limited liability company, GENERAL MOTORS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 3:21-cv-05685-SI<br><br>**DEFENDANT'S OBJECTIONS TO REPLY EVIDENCE (LR 7-3(D)(1))**<br><br>Date: Sept. 10, 2021<br>Time: 10:00 a.m.<br>Ctrm.: 1 – 17th Floor<br>Judge: Hon. Susan Illston<br><br>Complaint Filed: July 23, 2021 |

Pursuant to LR 7-3(d)(1), Ford Motor Company ("Ford") objects to (i) Plaintiffs' Objection and Request to Strike (ECF 35); and (ii) certain new evidence submitted in Plaintiffs' reply.

**1.     Improper Objection (Objection Category No. 1):**

Local Rule 7-3(c) requires that "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." Local Rule 7-4(b) provides that a reply brief is limited to 15 pages, which Plaintiffs used.

In violation of Local Rule 7-3(c) and without conferring with Ford, Plaintiffs filed an "Objection and Request to Strike" the Declaration of Nichole Davis Chollet and certain paragraphs of the Declaration of Adam Longarzo. *See* Dkt. 35. Ford's counsel notified Plaintiffs' counsel of the violation, and requested that they withdraw the document. Plaintiffs declined to do so. Because Plaintiffs' Objections and Motion to Strike violates this Court's rules, Ford requests that this submission be given no consideration.[1]

| Evidence Subject to Objection | Grounds |
|---|---|
| Dkt. 35 | Violation of Local Rule 7-3(c) |

**2.     Plaintiffs' Improper New Evidence**

Ford objects to the new evidence offered by Plaintiffs in support of the validity of the federal registration of CRUISE (owned by GM Cruise LLC). Ford's primary argument regarding the invalidity of the CRUISE mark is that the mark was not in use for the applied for goods, and secondarily that the application was void for being filed in the name of the wrong party. In response to those arguments, Plaintiffs argue that (i) the screen shot of Webviz software demonstrates use in commerce for "computer software for the autonomous driving of motor vehicles"; (ii) it is proper for a "soon to be" parent company to make an intent-to-use application for a soon to be subsidiary; and (iii) a company can engage in a bona fide use of a trademark by licensing it. ECF 34 at 2, n. 1. In support, Plaintiffs cite paragraphs from the Gorbatoff Reply and

---

[1] In the alternative, if the Court does intend to review and consider Plaintiffs' Objections and Motion to Strike, Ford requests the opportunity to respond.

Heller declarations. *Id*. These paragraphs are improper for the following reasons.

### a. Statement of Use (Objection Category No. 2)

Ford contests whether there was use in commerce of the CRUISE mark by any party. The Plaintiffs' response was to "explain" statements made to the U.S. Patent and Trademark Office ("PTO") (most of which were of record in this case and appear only to have been resubmitted to add commentary and argument). The offered evidence consists of inadmissible hedging made without personal knowledge of General Motor LLC's ("GM") statements to the PTO. In fact, Alexandra Heller, one of Cruise LLC's ("CLLC") outside litigation counsel from the Quinn Emanuel firm, which was not counsel for the application and is not currently counsel for the then-applicant GM, authored these characterizations of GM's purpose, descriptions of the nature of what the examining attorney needed, and attempts to ratify as accurate what was shown to the examining attorney. This commentary by the lawyer offers gloss in an attempt to reconcile the examining attorney's concern about the absence of proof of use in commerce with the fact that the only publicly available software shown in the specimen is used in the *development* of software, not autonomous driving. At no point do Plaintiffs offer evidence of bona fide use in commerce for computer software for the autonomous driving of motor vehicles before the Statement of Use was filed.

CLLC's counsel submitted the declaration, even though (1) CLLC was not the applicant, (2) the declarant's law firm does not currently represent GM, (3) the declarant did not participate in prosecution of the trademark application, and (4) the lawyer for GM, Timothy Gorbatoff, who filed the application, and therefore conceivably had personal knowledge, submitted a declaration with Plaintiffs' opening brief and reply brief. (ECF 24-3, 34-3).

/ / /
/ / /
/ / /
/ / /
/ / /

| Evidence Subject to Objection | Grounds |
|---|---|
| Heller Dec. ¶ 12 ("As reflected in the USPTO's records,… which provided more information about the use of the applied-for software.") | Relevance; no personal knowledge; the PTO record is best evidence of what was said in GM's petition and the original record provides no information, much less "more," about "use of the applied for software" in commerce as it merely shows use on a web development platform. FRE 401, 402, 602, 1002, 1005. |
| Heller Dec. ¶ 12 ("As later explained in a USPTO filing, Webviz is a web-based application, and the linked page showed that the software in the specimen was able to be downloaded. . . . The downloading capability was necessary for the USPTO in order that the specimen satisfy the technical requirements of the applied-for International Class 09 for downloadable software.") | Relevance or, if relevant, misleading; no personal knowledge; the PTO record is best evidence of what was said and the original record does not indicate the examiner was concerned about whether software was downloadable or that GM explained in detail what, in fact, Webviz did. FRE 401, 402, 403, 602, 1002, 1005. |
| Heller Dec. ¶ 13 ("The Request explained to the USPTO the nature of the expanded-view specimen…showed the Webviz software used in connection with the CRUISE technology for autonomous driving of motor vehicles.") | Relevance or, if relevant, misleading; no personal knowledge; the PTO record is best evidence of what was said and the original record provides no information that "specifically reflects the applied for goods" or illustrates the "nature of the Webviz software", nor any use in commerce of software used to drive autonomous vehicles. FRE 401, 402, 403, 602, 1002, 1005. |

### b. Joint Rights (Objection Category No. 3)

The evidence Plaintiffs seek to introduce regarding Plaintiffs' purported ability to assert joint rights in the CRUISE application and registration is incompetent and irrelevant. Whether an intent-to-use application may be filed by a would-be parent "for" a then unrelated party is a legal question, not a matter about which GM's trademark lawyer (who personally filed the CRUISE and SUPER CRUISE applications for different parties both in GM's name) may opine. Evidence that the application was filed in "good faith" by GM, or with the intention of continuing a "soon-to-be" acquired subsidiary's work, does not square with the requirement that only the owner of a mark may apply. *American Forests v. Barbara Sanders*, 54 U.S.P.Q.2d 1860, 1999 WL 1713450 (T.T.A.B. 1999), *aff'd*, 232 F.3d 907 (Fed. Cir. 2000) (holding that for an intent-to-use application, "if it is a corporation or partnership which has the bona fide intention to use a

1  particular mark, and yet the intent-to-use application is filed in the name of an individual, then said
2  application will be deemed to be void ab initio."); *see also In re Wella A.G.,* 787 F.2d 1549, 1554–
3  55 (Fed. Cir. 1986) (J. Nies concurring) ("There is no provision in the statute, or in general
4  principles of trademark law, which might support Wella A.G.'s argument that in a related
5  company situation it is immaterial which entity is the applicant or registrant of the mark which
6  both entities are entitled to use."). This is because, while *use* might be made by a related company,
7  "[t]he definitions of "applicant" and "registrant" in section 45 do not include a related company,"
8  even in the case of a wholly owned subsidiary. *Id.; see also Secular Organizations for Sobriety,*
9  *Inc. v. Hubert Michael Lenihan*, No. C-94-3803 SI, 1997 WL 564061, at *5 (N.D. Cal. Aug. 27,
10 1997), *aff'd in part and remanded sub nom. Secular Organizations for Sobriety, Inc. v. Ullrich*,
11 213 F.3d 1125 (9th Cir. 2000) ("This Court has serious questions whether [applicant] owned the
12 mark … at the time it sought registration, and whether cancellation would be required because of
13 misstatements as to the date of first use and as to actual use of the mark"). Neither good faith by
14 GM, nor GM's assignment of the registration to GM Cruise LLC cures these defects. *See J & J*
15 *Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 1462 (Fed. Cir. 1991) ("complaint must
16 contain allegations "that they are related, *and that there is unity of control over the pleaded marks*
17 *such that the marks are indicative of a single source.*") (emphasis added). The offered evidence
18 does not address these issues.

| Evidence Subject to Objection | Grounds |
|---|---|
| Gorbatoff Reply Dec. ¶ 2 ("On March 10, 2016, GM and Cruise Automation Inc. ("Cruise Automation") entered into a written agreement under which GM would acquire Cruise Automation.") | Relevance; FRE 401, 402.  The planned acquisition is irrelevant as to whether, as between them, CLLC or GM was the proper applicant or registrant of the putative mark. |
| Gorbatoff Reply Dec. ¶ 3 ("GM filed this intent-to-use application…Cruise Automation's active plans to develop software for driverless technology") | Relevance, Opinion testimony about a legal issue; FRE 401, 402, 702(a) (same; this evidence that CLLC had plans to and was doing work under the mark is irrelevant to whether GM was the proper applicant), |
| Gorbatoff Reply Dec. ¶ 6 ("All of the filings in connection with the CRUISE mark, including the specimens submitted, were done in good faith.") | Relevance; FRE 401, 402.  The statutory provisions do not turn on good faith. |

### c. Evidence Regarding Use (Objection Category No. 4)

Plaintiff's reply brief alludes to a "license" that would justify GM's purported reliance on CLLC's use, if any, when GM filed the Statement of Use for the CRUISE application on its own behalf. But, the evidence does not discuss any license, nor does it – as required for reliance on a related parties' use – establish that GM and CLLC were perceived as a unitary source when the Statement of Use was filed. The evidence offered that GM maintained voting control, if it did, over CLLC is not relevant unless Plaintiffs have established foundation that they are jointly perceived as a solitary source. *See J & J Snack Foods,* 932 F.2d at 1462; *In re Wella A.G.*, 787 F.2d at 1550 (J. Nies concurring).

| Evidence Subject to Objection | Grounds |
|---|---|
| Gorbatoff Reply Dec. ¶ 5 ("On February 4, 2020, when the USPTO issued the Notice of Acceptance and GM knew that a registration would be forthcoming, GM assigned the CRUISE mark and pending registration to GM Holdings LLC, an affiliate of GM under common ownership and control. This assignment was an internal decision to facilitate administrative processing of application and registrations for trademarks used by GM's affiliate GM Cruise Holding LLC, with no bearing on the validity of the registration.") | Relevance; foundation; opinion testimony about a legal issue FRE 401, 402, 702(a). The assignment of an invalid mark cannot make it valid and says nothing about a license, which is the proposition it purports to support. The witness has no basis to comment on the legal effect of alleged "common ownership and control" (which contradicts evidence that CLLC and GM Cruise Holdings LLC had different owners and a different identity than GM). |

DATED: August 27, 2021         Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Gia L. Cincone*
    GREGORY S. GILCHRIST
    GIA L. CINCONE
    WILLIAM H. BREWSTER
    R. CHARLES HENN JR.
    NICHOLE DAVIS CHOLLET

Attorneys for Defendant
FORD MOTOR COMPANY